UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF  NEW YORK
-------------------------------------------------------------------X
ROBERT CRAWFORD, WILLIAM ETSCH,
ROBERT GOBBO, TRACEY CACACE, MICHAEL
CRUZ, DAVID COLLINS, TROI MOSBY, and
SHAWN MILLER,

        **MEMORANDUM & ORDER**

       Plaintiffs,      Civil Action No. 12-3850

   -against-

CORAM FIRE DISTRICT,
THOMAS LYON,
Individually and in his capacity as Coram Fire
District's Chairman of the Board, VANDORN
JOHNSON, Individually and in his capacity as
Coram Fire District's Commissioner,  JEROME
A. DELLI BOVI,  Individually and in his capacity as
Coram Fire District's Commissioner, STEVEN
YALLAMAS, Individually and in his capacity as
Coram Fire District's Commissioner, TIMOTHY
HEIDRICH, Individually and in his capacity as
Coram Fire District's Commissioner,

      Defendants.
-------------------------------------------------------------------X
**APPEARANCES:**

**For Plaintiffs:**
Franklin, Gringer & Cohen, P.C.
666 Old Country Road, Suite 202
Garden City, NY 11530-2013
By:  Joshua Marcus, Esq.

**For Defendants:**
O'Rourke & Hansen, PLLC
235 Brooksite Drive, Suite 300
Hauppauge, New York 11788
By:  James J. O'Rourke, Esq.

**HURLEY, Senior District Judge:**

     The purpose of this Memorandum and Order is to address the calculation of

prejudgment interest recoverable after the jury's verdict in this matter which awarded plaintiffs,

former full-time emergency medical services workers for defendant Coram Fire District, varying amounts on their claims for unpaid overtime and unpaid benefits under the New York Labor Law.

**BACKGROUND**

As a result of the trial of this matter, the eight plaintiffs in this matter were awarded the following amounts for unpaid overtime for the period August 3, 2006 until July 5, 2008:

| | |
|---|---|
| Crawford | $5,529.00 |
| Etsch | $5,529.00 |
| Gobbo | $5,025.50 |
| Cacace | $5,529.00 |
| Cruz | $5,529.00 |
| Collins | $5,529.00 |
| Mosby | $5,381.75 |
| Miller | $1,573.39 |

The jury found that defendant's failure to pay these overtime amounts was willful, entitling plaintiffs to liquidated damages thereon.[1] Certain of the plaintiffs were also awarded the following amounts for unpaid benefits (unused sick, vacation, and holidays):

| | |
|---|---|
| Crawford | $    303.00 |
| Etsch | $15,468.00 |
| Gobbo | $ 8,768.00 |
| Cruz | $ 7,078.00 |
| Collins | $ 7,394.00 |

---

[1] Although plaintiffs had raised the issue of whether liquidated damages on their state law claims for unpaid overtime and benefits should be paid at the rate of twenty-five percent or one hundred percent, they now acknowledge that former percentage in appropriate. (DE 118 at p.2.) Accordingly, the judgment shall include liquidated damages of twenty-five percent.

Mosby                          $ 4,686.00

The jury determined that defendant had not established that the failure to pay these unpaid

benefits was in good faith, entitling plaintiffs to liquidated damages on the amount of unpaid

benefits as well. The jury rejected plaintiffs' claims of retaliation under the Fair Labor Standards

Act and defendant's counterclaims for fraud and conversion.

## DISCUSSION

### I.        Relevant Statutory Provisions

As the claims at issue arose under state law, prejudgment interest is governed by

state law. *Mallis v. Bankers Trust Co.*, 717 F.2d 683, 692 n.13 (2d Cir. 1983).

Section 5001 of the New York Civil Practice Law and Rules provides for interest

to be awarded to verdict calculated "from the earliest ascertainable date the cause of action

existed, except that interest upon damages incurred thereafter shall be computed from the date

incurred. Where such damages were incurred at various times, interest shall be computed upon

each item from the date it was incurred or upon all of the damages from a single reasonable

intermediate date." N.Y. C.P.L.R. §5001(b). It also provides that the date from which interest is

to be computed shall be specified in the verdict but if the jury is discharged without doing do, the

court shall fix the date. *Id.* at §5001(c).

Interest from verdict to judgment is governed by CPLR §5002, which states:

"Interest shall be recovered upon the total sum awarded, including interest to verdict, report or

decision, in any action, from the date the verdict was rendered or the report or decision was made

to the date of entry of final judgment." N.Y. C.P.L.R. §5002.  Under New York law, interest is

calculated at the rate of nine per cent per annum. N.Y. C.P.L.R. §5004.

**II.    Interest on Awards for Unpaid Overtime to Date of Verdict**

Turning first to interest on the awards for unpaid overtime, as these amounts were due at various times it is appropriate to calculate interest from the mid-point of the period covered in the award. *See, e.g., Fermin v. Las Delicias Peruanas Restaurant, Inc.*, 93 F. Supp. 3d 19, 49 (E.D.N.Y. 2015) (citing *Conway v. Icahn & Co*., 16 F.3d 504, 512 (2d Cir. 1994)). Interest is calculated using the simple, not a compounded, rate. *See Gortat v. Capala Bros*., 949 F. Supp.2d 374, 386 (E.D.N.Y. 2013).

The Court is underwhelmed by defendant's arguments that interest should be calculated from May 4, 2010, the date that the plaintiffs complained to the U.S. Department of Labor that they had not been receiving overtime because neither plaintiffs nor defendant "could have or did address the issue until January 2011, the date the [U.S. Department of Labor] made a finding that was accepted" and because plaintiffs' "action caused the dispute and necessitated litigation." (DE 119 at p. 2.)  The jury in this case found that each of the plaintiffs had established that defendant's failure to pay him/her was willful and found that defendant had not established its claims for fraud and conversion based on its assertion that plaintiffs received "monies for hours not worked." In view of these findings, interest will be awarded on the overtime claims starting on the mid-point of the period covered in the award, viz. July 20, 2007. Accordingly, the plaintiff are entitled to interest beginning July 20, 2007 and ending on October 18, 2016[2] on their overtime claims as follows:

| | |
|---|---|
| Crawford | $4,602.25 |
| Etsch | $4,602.25 |

---

[2] The Court's calculation differs from plaintiffs' because July 20 to October 18 is 91days.

| | |
|---|---|
| Gobbo | $4,183.54 |
| Cacace | $4,602.25 |
| Cruz | $4,602.25 |
| Collins | $4,602.25 |
| Mosby | $4,480.27 |
| Miller | $1,309.98 |

## III.    Interest to Verdict on Unpaid Benefits

The Court now turns to prejudgment interest to verdict on the awards for unpaid benefits. Under section 198–c(1) of New York's Labor Law "any employer who is a party to an agreement to pay or provide benefits or wage supplements to employees" must pay the amounts owed within thirty days of the date due. *See* N.Y. Labor Law § 198–c(1). In this case, the benefits were due to be paid within thirty days of the date that each plaintiff's employment with defendant ended. Thirty date from that date is "the earliest ascertainable date the cause of action existed" and interest will be calculated from that date. Interest on the awards for unpaid benefits to the date of verdict are therefore as follows:

| | | |
|---|---|---|
| Crawford | $  161.13 | (from 10/29/2010 = 5 yrs, 354 days) |
| Etsch | $8,367.96 | (from 10/14/2010 = 6 yrs, 4 days) |
| Gobbo | $4,710.24 | (from 10/29/2010 = 5 yrs, 354 days) |
| Cruz | $3,802.85 | (from 10/30/2010 = 5 yrs, 353 days) |
| Collins | $3,969.76 | (from 10/30/2010 = 5 yrs, 353 days) |
| Mosby | $2,519.34 | (from 10/29/2010 = 5 yrs, 354 days) |

## IV.    Interest from Verdict to Date of Judgment

Plaintiffs are also entitled to interest "upon the total sum awarded, including interest to verdict, . . . from the date the verdict was rendered or the report or decision was made to the date of entry of final judgment." N.Y. C.P.L.R. § 5002. In order to calculate the amount of

interest due from verdict to judgment, a summary of the amounts awarded each plaintiff is in

order.

| Crawford: | Unpaid Overtime: | $ 5,529.00 |
|---|---|---|
| | Liquidated Damages - OT: | $ 1,382.25 |
| | Interest to Verdict - OT: | $ 4,602.25 |
| | Unpaid Benefits: | $ 303.00 |
| | Liquidated Damages -Benefits: | $ 75.75 |
| | Interest to Verdict- Benefits: | $ 161.13 |
| | TOTAL AWARD: | $12,053.38 |
| Etsch: | Unpaid Overtime: | $ 5,529.00 |
| | Liquidated Damages - OT: | $ 1,382.25 |
| | Interest to Verdict - OT: | $ 4,602.25 |
| | Unpaid Benefits: | $15,468.00 |
| | Liquidated Damages - Benefits: | $ 3,867.00 |
| | Interest to Verdict - Benefits: | $ 8,367.96 |
| | TOTAL AWARD: | $39,216.46 |
| Gobbo: | Unpaid Overtime: | $ 5,025.50 |
| | Liquidated Damages - OT: | $ 1,256.38 |
| | Interest to Verdict - OT: | $ 4,183.54 |
| | Unpaid Benefits: | $ 8,768.00 |
| | Liquidated Damages - Benefits: | $ 2,192.00 |
| | Interest to Verdict - Benefits: | $ 4,710.24 |
| | TOTAL AWARD: | $26,135.66 |
| Cacace | Unpaid Overtime: | $ 5,529.00 |
| | Liquidated Damages - OT: | $ 1,382.25 |
| | Interest to Verdict - OT: | $ 4,602.25 |
| | TOTAL AWARD: | $11,513.50 |
| Cruz: | Unpaid Overtime: | $ 5,529.00 |
| | Liquidated Damages - OT: | $ 1,382.25 |
| | Interest to Verdict - OT: | $ 4,602.25 |
| | Unpaid Benefits: | $ 7,078.00 |
| | Liquidated Damages: - Benefits | $ 1,769.50 |
| | Interest to Verdict - Benefits: | $ 3,802.85 |

|                | TOTAL AWARD:                   | $24,163.85  |
| -------------- | ------------------------------ | ----------- |

| Collins: | Unpaid Overtime:                | $ 5,529.00  |
| -------- | ------------------------------- | ----------- |
|          | Liquidated Damages - OT:        | $ 1,382.25  |
|          | Interest to Verdict - OT:       | $ 4,602.25  |
|          | Unpaid Benefits:                | $ 7,394.00  |
|          | Liquidated Damages - Benefits:  | $ 1,848.50  |
|          | Interest to Verdict - Benefits: | $ 3,969.76  |

|          | TOTAL AWARD:                    | $24,725.76  |
| -------- | ------------------------------- | ----------- |

| Mosby: | Unpaid Overtime:                | $ 5,381.75  |
| ------ | ------------------------------- | ----------- |
|        | Liquidated Damages - OT:        | $ 1,345.44  |
|        | Interest to Verdict - OT:       | $ 4,480.27  |
|        | Unpaid Benefits:                | $ 4,686.00  |
|        | Liquidated Damages - Benefits:  | $ 1,171.50  |
|        | Interest to Verdict - Benefits: | $ 2,519.34  |

|        | TOTAL AWARD:                    | $19,584.30  |
| ------ | ------------------------------- | ----------- |

| Miller: | Unpaid Overtime:          | $ 1,573.39  |
| ------- | ------------------------- | ----------- |
|         | Liquidated Damages - OT:  | $   393.35  |
|         | Interest to Verdict - OT: | $ 1,309.98  |

|         | TOTAL AWARD:              | $ 3,276.72  |
| ------- | ------------------------- | ----------- |

Calculated at 9.00% per annum, plaintiffs are entitled to interest from verdict to the date of entry of judgment at the following per diem rates:

| Crawford: | $2.97 |
| --------- | ----- |
| Etsch:    | $9.67 |
| Gobbo:    | $6.44 |
| Cacace:   | $2.84 |
| Cruz:     | $5.96 |
| Collins:  | $6.10 |
| Mosby:    | $4.83 |
| Miller:   | $0.81 |

**CONCLUSION**

Judgment shall be entered by the Clerk of Court in accordance with the foregoing.

**SO ORDERED.**

Dated: Central Islip, New York
     November 22, 2016                      /s/  Denis R. Hurley
                                          Denis R. Hurley
                                          United States District Judge